**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KENNETH B. PITCHER, et al.,            Case No. 1:11-cv-148

    Plaintiffs,                                                          Weber, J.
v.                                                                     Bowman, M.J.

LAWRENCE WALDMAN, et al.,

    Defendants.

**MEMORANDUM ORDER**

Plaintiffs and Defendant Larry Waldman formally worked together in a professional accounting firm, but, regrettably, the breakup of that firm in 2009 has resulted in several lawsuits between the parties in both state and federal court.  The discovery cut-off of June 4, 2012 in this federal case is fast approaching, but limited formal discovery has been taken to date by agreement of the parties.

The instant federal case involves Plaintiffs' claims against Defendants under 26 U.S.C. §7434, based upon Defendants' initial issuance of 1099-MISC tax forms, and subsequent amendment of those forms to W-2 forms.  The parties initially agreed to limit discovery in this Court based upon the factual overlap of issues presented in a related state court case between the parties, which also involved the issuance of the 1099 forms and amendment to W-2 forms, and the motivation for that change.  Initially, counsel stayed formal discovery in this federal case both in the hopes of avoiding unnecessarily duplicative discovery through dual use of the prior (state court) discovery, and based upon the possibility that resolution of the state court litigation would moot the claims in this case.

When the latter possibility did not materialize, the current dispute, concerning how much arguably "duplicative" discovery can and should be taken in this case, arose.

At the direction of the undersigned, both parties emailed the Court correspondence outlining the nature of their discovery dispute prior to a telephonic conference on the matter.[1]  The parties have largely (and admirably) agreed that little if any new written discovery is required.  Thus, the dispute is limited to Plaintiffs' stated intention to depose Defendant Lawrence Waldman, expert Howard Richshafer, and five employees of Waldman and Company, and Defendants' objection to those depositions as unnecessarily cumulative, duplicative, and burdensome, amounting to harassment.

Plaintiffs present argument that although the state court case involves some factual overlap, the claims that concerned the issuance of the tax forms in that case were limited to defamation and breach of contract claims, involving different legal elements than are required to prove Plaintiffs' federal statutory claim.  Plaintiffs also argue that different counsel took most of the depositions in the state court case, although Plaintiffs concede that co-counsel (who took some of the depositions) has been counsel of record from the beginning of this federal case.   Last, Plaintiffs note that the right of discovery is assumed, and that it is Defendants' burden to prove that the depositions sought are unduly burdensome.

Having reviewed the parties' written submissions and heard oral argument, I conclude that Defendants, for the most part, have carried their burden of proving that the depositions would be unduly burdensome.   In short, the Court is persuaded that the prior

---

[1] At the direction of the Court and pursuant to local practice, such correspondence is informal in nature and not to be filed of record.

2

depositions in the state court case exhaustively encompassed many if not all of the same factual issues that will be explored in any future depositions concerning the motivation and circumstances surrounding the issuance of the tax forms. Nevertheless, and giving Plaintiffs the benefit of the doubt, the Court does not find cause to completely preclude Plaintiffs from taking the requested depositions. Based upon Plaintiffs' representations that any additional depositions of these individuals will be "brief and narrowly focused" and "targeted" to areas not previously explored in the context of Plaintiffs' federal claims, the Court will permit Plaintiffs to take the additional depositions with strict time limitations.

Accordingly, **IT IS ORDERED:**

1. Plaintiffs may depose Mr. Richshafer for not more than 90 minutes;

2. Plaintiffs may depose Defendant Lawrence Waldman and the five referenced employees of Waldman & Company for not more than one hour each.

                                            *s/ Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge