**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

KENNETH B. PITCHER, et al.,                          Case No. 1:11-cv-148

        Plaintiffs,                                         Weber, J.

   v.                                                                  Bowman, M.J.

LAWRENCE WALDMAN, et al.,

        Defendants.


**MEMORANDUM ORDER**

    This case was originally filed in March 2011, but by agreement, little formal

discovery was conducted until very recently.  The discovery deadline is set to expire on

July 2, 2012,[1] with trial set for the November 2012 term before U.S. District Judge Herman

J. Weber.  (Doc. 22).  Both parties have represented that they anticipate filing cross-

motions for summary judgment on or before the dispositive motion deadline of July 26,

2012.  Discovery disputes have been referred to the undersigned magistrate judge.

   **I. Background**

    The two Plaintiffs in this case, Kenneth B. Pitcher and Michael Enders, previously

worked together with individual Defendant Larry Waldman in a professional accounting firm

known as "Waldman, Pitcher and Co., C.P.A's P.S.C. ("WP & Co.").  (Doc. 1, ¶2).  The

acrimonious breakup of that firm in 2009 has resulted in several lawsuits between the

parties in both state and federal court. The entirety of the instant federal case concerns the

---

[1] Counsel recently advised the Court that the parties have scheduled depositions on July 6, by mutual agreement.  This slight extension for the completion of depositions is not anticipated to affect other court deadlines.

allegations of each Plaintiff that Defendant Waldman and his successor accounting firm, Defendant Waldman & Company CPA's, P.S.C., ("Waldman & Co.") have violated 26 U.S.C. §7434.  (Doc. 1).

The referenced statute provides:

(a) In general

If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

*Id.*  In this action for civil damages under the statute, Plaintiffs seek compensatory damages, punitive damages, and attorney's fees.

Plaintiffs' claims concern Defendants' issuance of 1099 and W-2 forms after the parties' October 22, 2009 settlement of a prior lawsuit for judicial dissolution of WP & Co. (Doc. 1, ¶¶7-8).   Plaintiffs allege that, motivated by "hostility," "spite and hatred," Defendants intentionally and in bad faith issued false tax forms in January 2010 and in February 2011 "in an effort to trigger additional tax liability on the part of Plaintiffs and to gain leverage over Plaintiffs related to ongoing disputes among the parties." Doc, 1, ¶¶16, 23, 30, 36).  In the October 22, 2009 settlement agreement, the parties allegedly divided client lists, agreed that Plaintiffs would relinquish their stock in the original company, WP & Co., and that certain accounts receivable would be assigned to Plaintiffs' new accounting firm, an entity called KPE Services, Inc.  (Doc. 1, ¶¶9-11).  The settlement agreement also is alleged to contain an indemnity clause whereby Plaintiffs agreed to indemnify Defendants for any payroll tax liability incurred as a result of the assignment of accounts receivable by Waldman & Co. to KPE Services, Inc.  (Doc. 1, ¶11).

Counsel for the parties worked together to limit discovery in this federal case, based

2

upon the factual overlap of issues presented in another related state court case, which also involved the issuance of the 1099 forms and amendment to W-2 forms, and the motivation for that change.  Initially, counsel stayed formal discovery in this federal case both in the hopes of avoiding unnecessarily duplicative discovery through dual use of the prior (state court) discovery, and based upon the possibility that resolution of the state court litigation would moot the claims in this case.  Because the latter possibility did not materialize, two discovery disputes have recently arisen before this Court.

In the first dispute, the parties disagreed on whether (and to what extent) Plaintiffs should be permitted to depose Defendant Lawrence Waldman, expert Howard Richshafer, and five employees of Waldman & Co.  After reviewing the parties' submissions[2] and hearing oral argument relating to that dispute, I concluded in an order filed May 17, 2012:

> Defendants, for the most part, have carried their burden of proving that the depositions would be unduly burdensome.  In short, the Court is persuaded that the prior depositions in the state court case exhaustively encompassed many if not all of the same factual issues that will be explored in any future depositions concerning the motivation and circumstances surrounding the issuance of the tax forms.  Nevertheless, and giving Plaintiffs the benefit of the doubt, the Court does not find cause to completely preclude Plaintiffs from taking the requested depositions.  Based upon Plaintiffs' representations that any additional depositions of these individuals will be "brief and narrowly focused" and "targeted" to areas not previously explored in the context of Plaintiffs' federal claims, the Court will permit Plaintiffs to take the additional depositions with strict time limitations.

(Doc. 20).

On June 7, 2012, Plaintiffs alerted the undersigned to a second dispute involving Plaintiffs' written discovery requests, as well as the timing of the limited depositions

---

[2]At the direction of the Court and pursuant to local practice, the parties have presented both discovery disputes to the undersigned through informal correspondence not filed of record.

permitted by the Court in its May order.  The Court heard oral argument concerning this second dispute on June 13, and has again reviewed informal written submissions by the parties which have not been filed of record.

Briefly, the current dispute concerns Plaintiffs' requests for production of financial documents, and the scheduling of the previously ordered depositions.

## A.  Requests for Production of Documents

First, Plaintiffs seek copies of Defendant Waldman & Co.'s corporate tax returns for 2010 and 2011, W-2's issued by Waldman & Co. to Defendant Waldman for 2009-2011, Waldman's most recent pay stub for 2012, monthly financial statements of Waldman & Co. from November 30, 2011 to the present, a copy of the current Employment Agreement between Defendant Waldman and Waldman & Co., and payroll newsletters for 2009-2011 sent to Waldman & Co. clients.   Defendants object to production of all of these documents, solely on grounds of relevancy, in part because the documents arguably do not relate to the limited issue in dispute (whether Defendants willfully issued false tax forms to Plaintiffs), and in part because the parties' dispute concerns transactions and a valuation as of October 2009, but Plaintiffs seek financial documents after that period.  Defendants additionally argue that the information sought is duplicative, since Waldman produced documents in the state court action concerning the valuation of the company, and both Waldman and Defendants' expert, Howard Richshafer, were deposed and cross-examined at length on the same issues.  Plaintiffs maintain that the financial information is relevant to Plaintiffs' challenge to Defendants' expert's valuation of the redemption of Plaintiffs' shares, pursuant to the dissolution of WP & Co. as specified by the terms of the parties' settlement agreement.

4

Having reviewed the reports of both parties' experts, the Court concludes that most of the financial information sought by Plaintiffs is of limited or no relevance to the purpose specified, or to the elements of the federal statute under which Plaintiff seeks damages in this case. In addition, the Court agrees, for reasons discussed in the prior discovery conference, that at least some of the discovery sought by Plaintiffs is duplicative to the discovery conducted in the prior state court action. However, because some of the information is arguably relevant to the parties' respective experts' opinions in this case, and considering the broad nature of discovery, the Court will order limited production.

Plaintiffs' experts contend that no W2s or 1099s should have been issued at all, because all of the transactions resulting from the October 2009 settlement related strictly to the redemption of shares in WP & Co., a closely held professional corporation. Defendants' expert in contrast opines that IRS rules *mandated* Defendants to report all of the income (including the accounts receivable and attorney's fees paid in connection with the transactions) to Plaintiffs on some form of 1099 and/or W2. The experts disagree, therefore, on whether the various types of transactions set forth in the October 22, 2009 settlement agreement were limited to the redemption of Plaintiffs' shares, or whether they constituted ordinary income to Plaintiffs. Defendants' expert opines that even if Plaintiffs are correct in their view that all of the transactions were part of a redemptive distribution, Defendants "could" have filed a Form 1099-DIV to reflect the distribution of accounts receivable, payments to KPE Services, and legal fees, and "should" have filed a Form 1099-DIV for the $833 and $500 share redemptions. Defendants' expert also asserts that a corporation must file an information return when it makes a liquidating distribution of the whole or any part of its stock to its shareholders, including the filing of Form 966 following

5

adoption of a liquidation plan. Based upon the expert opinions and considering the extensive discovery taken to date and limited issues in this case, Defendants will be required to produce copies of Defendant Waldman & Co.'s corporate tax returns for 2010 and 2011, and payroll newsletters for 2009-2011 sent to Waldman & Co. clients. However, given the animosity between the parties involved, production is limited to attorney's eyes and experts only, and is subject to execution of a written confidentiality agreement regarding the same.

### B. Scheduling of Depositions

Defendants unilaterally cancelled the deposition date of June 11, 2012 based upon the Plaintiffs' failure to first produce document discovery to Defendants. At oral argument, defense counsel conceded that most of the requested discovery is not essential to proceed with the scheduled depositions, although one item relating to Plaintiffs' communications with the IRS and/or any IRS rulings, clearly is relevant. The Court assumes that counsel will use best efforts to produce all relevant discovery prior to the depositions, but will not compel production prior to July 6. That said, Plaintiffs should be prepared to make a strong showing of good cause for any failure to promptly produce such limited and relevant discovery.

### II. Conclusion and Order

For the reasons discussed herein, IT IS ORDERED THAT:

1. Within ten (10) days and subject to the confidentiality agreement specified by the Court, Defendants shall produce (for attorney's and expert eyes only) copies of Defendant Waldman & Co.'s corporate tax returns for 2010 and 2011, and payroll newsletters for

2009-2011 sent to Waldman & Co. clients;

      2.   Defendants' request for receipt of written discovery responses from Plaintiffs prior to the scheduled July 6 depositions is DENIED with the expectation that counsel will continue to use best efforts to resolve any remaining dispute.

               *s/ Stephanie K. Bowman*
               Stephanie K. Bowman
               United States Magistrate Judge