UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KENNETH B. PITCHER, *et al.* ) | |
| ) | CASE NO. 1:11-cv-148 |
| Plaintiffs, ) | |
| v. ) | JUDGE WEBER |
| ) | |
| LAWRENCE WALDMAN, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties to the above-captioned action (the "Action"), Plaintiffs Kenneth B. Pitcher and Michael Enders, ("Plaintiffs") and Defendants, Lawrence Waldman and Waldman & Company CPA's, P.S.C. ("Defendants") (collectively the "Parties"), were ordered by this Court's Order dated June 14, 2012 to designate certain documents (collectively, "Defendants' Tax Documents") to be produced by Defendants as "confidential" and "attorneys' eyes and experts' eyes only;" and

WHEREAS, the Parties believe that it would facilitate discovery in this Action for Defendants to produce such information under a protective order made pursuant to Ohio Rule of Civil Procedure 26(C);

THE PARTIES HEREBY STIPULATE AND AGREE to the terms of the following Stipulation and Protective Order ("Stipulation and Order") and respectfully request that the Court so Order it.

1. <u>Use of Defendants' Tax Documents</u>. All of Defendants' Tax Documents produced in this Action pursuant to this Court's June 14, 2012 Order may be used solely for purposes of prosecuting or defending this Action, including appeals, if any.

1

2.  Designation of Material as "Confidential—Attorneys' Eyes and Experts' Eyes Only". All of Defendants' Tax Documents shall be designated as "Confidential— Attorneys' Eyes and Experts' Eyes Only" by labeling each page of such material as "Confidential—Attorneys' Eyes and Experts' Eyes Only" at the time it is produced. Correspondence or other documents that quote from or paraphrase the substance of "Confidential— Attorneys' Eyes and Experts' Eyes Only" material shall be treated as "Confidential— Attorneys' Eyes and Experts' Eyes Only" and shall be labeled as such.

3.  Manner of Designating Certain Testimony as "Confidential— Attorneys' Eyes and Experts' Eyes Only". Any deposition or other testimony (including any exhibits used therein) involving Defendants' Tax Documents may be designated in whole or in part as "Confidential—Attorneys' Eyes and Experts' Eyes Only" by either party or other person by any of the following means: (a) stating orally on the record of a deposition or during the testimony that certain information or testimony is "Confidential— Attorneys' Eyes and Experts' Eyes Only;" or (b) by sending written notice to counsel for the other party of record within ten (10) business days after receipt of the transcript of a deposition or other testimony, designating information as "Confidential—Attorneys' Eyes and Experts' Eyes Only." All testimony shall be treated as if designated "Confidential—Attorneys' Eyes and Experts' Eyes Only" until the ten-day period expires or until notification of the designation or absence thereof is given.

4.  Restrictions on Disclosure of Material Designated as "Confidential— Attorneys' Eyes and Experts' Eyes Only." "Confidential— Attorneys' Eyes and Experts' Eyes Only" material shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this Action, including appeals, if any.

"Confidential— Attorneys' Eyes and Experts' Eyes Only" material and all information contained therein shall not be shown to, reviewed by, or discussed with, any person except:

(a) Counsel to the Parties to this Action and their respective staff;

(b) The Court, personnel of the court, and court reporters and videographers at depositions or other proceedings in this Action;

(c) Deponents, witnesses, and potential witnesses at depositions or other proceedings in this Action, along with their counsel, if that person is indicated on the face of the material as its originator, author, or recipient of a copy thereof or who would be reasonably expected to have had prior access to the material, or who is otherwise familiar with the "Confidential—Attorney's Eyes and Experts' Eyes Only" material, but only to the extent of the person's familiarity with the "Confidential—Attorney's Eyes and Experts' Eyes Only" material, or if the Court determines that the witness should have access to the material, on such terms as the Court may order;

(d) Outside experts and consultants, and their respective staff, to the extent deemed reasonably necessary by counsel for the prosecution or defense of the Action;

(e) Outside vendors providing copying and/or exhibit preparation services in connection with this Action;

(f) Any other person only upon written consent of the designating party or person or their counsel of record or upon order of the Court.

With respect to the persons referenced in paragraphs 4(c), (d), (e), and (f), prior to the disclosure of any "Confidential—Attorney's Eyes and Experts' Eyes Only" material, that person shall first be provided a copy of this Stipulation and agree to be bound by the terms of this Stipulation in the form attached hereto as Exhibit A.

3

5. <u>Filing and Use of "Confidential—Attorney's Eyes and Experts' Eyes Only" Material In Proceedings</u>. For Defendants' Tax Documents designated "Confidential—Attorneys' Eyes and Experts' Eyes Only," such documents, if filed, shall be filed under seal and shall remain sealed so long as they retain their status as "Confidential—Attorneys' Eyes and Experts' Eyes Only." If a party intends to use Defendants' Tax Documents designated "Confidential—Attorneys' Eyes and Experts' Eyes Only" at any Court proceeding of this matter, the party shall use reasonable efforts to notify the designating party at least 5 business days prior to the proceeding. Any party who believes that "Confidential—Attorneys' Eyes and Experts' Eyes Only" material may be disclosed in a hearing or at trial in this case may at any time move the Court to limit access to the courtroom and seal portions of the record to avoid disclosure. Any party who believes that "Confidential—Attorneys' Eyes and Experts' Eyes Only" material has been disclosed in a hearing or proceeding may designate those portions of the transcript or exhibits as "Confidential—Attorneys' Eyes and Experts' Eyes Only."

6. <u>Receipt of Subpoena</u>. Notwithstanding the foregoing, nothing in this Stipulation and Order shall prevent any party from complying with any disclosure required by law, regulation or rule (including any rule of any industry or self-regulatory organization) whether pursuant to a subpoena or other similar process in connection with a litigation, arbitration, or other proceeding, or otherwise. If any party in possession of Defendants' Tax Documents designated as "Confidential—Attorneys' Eyes and Experts' Eyes Only" receives a subpoena or other such process or discovery device seeking production or other disclosure of such material, if allowed under applicable law, that party shall give written notice to counsel for the party or person who designated the material as "Confidential—Attorneys' Eyes and Experts' Eyes Only" together with a copy of the subpoena or other process. Defendants shall bear the burden and

4

expense of seeking protection in court of Defendants' Tax Documents. Reasonable notice of at least 10 days should be given before production or other disclosure.

   7.  <u>Third-Parties</u>.  A third-party subject to a discovery or trial subpoena issued by a party to the Action shall have the right to make the designations provided by this Stipulation and Order.  If such third-party elects to designate materials as provided by this Stipulation and Order, any information so designated shall be subject to the same restrictions as information designated by a party to the Action.

   8.  <u>Disputes</u>.  Neither the designation by a party of any material as "Confidential—Attorneys' Eyes and Experts' Eyes Only," nor its receipt by the other party, shall constitute a concession that the material is "Confidential—Attorneys' Eyes and Experts' Eyes Only." If a party objects to a designation as "Confidential—Attorneys' Eyes and Experts' Eyes Only" in full or in part, it shall notify the producing party in writing, and the recipient and the producing party will thereupon confer in good faith within three (3) business days of receiving such objection as to the status of the subject material proffered within the context of this Order. If the recipient and producing party are unable to agree upon the status of the subject material, either party may raise the issue of such designation with the Court, provided, however, that no challenge to the designation of any material shall be brought unless the challenging party intends in good faith to (a) file the challenged material or to (b) use the challenged material for the purpose of defending or prosecuting this Action in a manner that would otherwise be prohibited. In connection with any such proceeding, the burden of showing that information sought to be protected as confidential still remains with the party claiming confidentiality. Until agreement is reached by the Parties or an Order of the Court is issued changing the designation, all material about which the dispute exists shall be treated as originally designated by the producing party. Nothing in this

5

Stipulation and Order shall limit the ability of the producing party to use its own material produced in this Action.

9. <u>No Waiver</u>. No party to this Action shall be obligated to challenge the propriety of any "Confidential—Attorneys' Eyes and Experts' Eyes Only" material or designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation and shall not constitute an admission that any information is in fact confidential or proprietary information or merits the designation "Confidential—Attorneys' Eyes and Experts' Eyes Only" material. Nothing contained in this Stipulation and Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary material. Additionally, inadvertent failure to designate qualified material as "Confidential—Attorneys' Eyes and Experts' Eyes Only" does not, standing alone, waive the designating party's right to secure protection for such information. If material is appropriately designated as "Confidential—Attorneys' Eyes and Experts' Eyes Only" after the information was initially disclosed, the party receiving the material, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the designation.

10. <u>Modification of Stipulation</u>. The Parties expressly reserve their right to apply to the Court for modification of this Stipulation and Order, and for any further or additional relief. Prior to application to the Court, the Parties shall confer in good faith to resolve any dispute concerning the terms or application of this Stipulation and Order.

11. <u>Sanctions</u>. Each Party and each person bound by this Stipulation and Order or to be bound by this Stipulation and Order understands that it may be subject to sanctions or other appropriate relief by the Court for violations of this Stipulation and Order, including costs and attorneys' fees and any other relief authorized by law.

Date: July 2, 2012

Respectfully submitted,

*s/ Jeffrey C. Mando per e-mail authorization*
Jeffrey C. Mando, Esq. (43785)
Daniel E. Linneman, Esq. (77902)
ADAMS, STEPNER,
WOLTERMANN & DUSING, PLLC
40 West Pike Street
Covington, KY 41012
Phone: (859) 394-6200
Fax: (859) 392-7263
jmando@aswdlaw.com
dlinneman@aswdlaw.com

*Attorneys for Defendants*

*s/ E. Chase Dressman*
V. Brandon McGrath (0072057)
E. Chase Dressman (0086728)
BINGHAM GREENEBAUM DOLL LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 455-7600
Fax: (513) 455-8500
bmcgrath@bgdlegal.com
cdressman@bgdlegal.com

*Attorneys for Plaintiffs*

Dated: July 5, 2012     **SO ORDERED:**

*[signature]*
UNITED STATES DISTRICT COURT
Magistrate Judge

## EXHIBIT A

## Agreement

I have read the Stipulation and Protective Order in the action captioned *Kenneth B. Pitcher and Michael Enders v. Lawrence Waldman and Waldman & Company CPA's, P.S.C.*, Case No. 1:11-cv-148 ("Stipulation and Order") and certify that I fully understand the procedural and substantive requirements of that Stipulation and Order, a copy of which is attached hereto.

Before reviewing or receiving access to Defendants' Tax Documents subject to the protection of that Stipulation and Order and as a condition for such review and/or access, I certify and agree that I am personally bound by and subject to all of the terms and provisions of that Stipulation and Order. I further agree to be fully subject to the jurisdiction of the applicable Court exercising jurisdiction over this action for the purpose of enforcing this Agreement and the Stipulation and Order.

_____

SWORN to and subscribed before me this _____ day of _____, 2012.

_____
Notary Public

My Commission Expires:_____

4804311_1.docx