UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH B. PITCHER, and

MICHAEL ENDERS,

        Plaintiffs,

   v.                      Case No. 1:11-cv-148-HJW

LAWRENCE WALDMAN, and

WALDMAN & COMPANY CPA's, P.S.C.

        Defendants

## ORDER

This matter is before the Court upon the defendants' "Objection to Magistrate Judge's Order" (doc. no. 25) and "Motion to Stay" (doc. no. 26), which the plaintiffs oppose. The Court held a hearing on August 1, 2012, at which counsel presented oral arguments. Having carefully considered the record, including the pleadings, briefs, and oral arguments, and for the reasons stated in open court, the Court will affirm the Magistrate Judge's Order (doc. no. 24) in its entirety for the following reasons:

As the Magistrate Judge discussed in her detailed and thorough order, this case arises from the acrimonious break-up of the accounting firm Waldman, Pitcher and Co., CPA's, P.S.C., which has spawned at least three lawsuits to date. The individual parties in the present case were formerly partners in that firm. On October

22, 2009, they settled a prior lawsuit for dissolution, divided the client lists, and formed separate new firms. As part of that settlement, they agreed that Pitcher and Enders ("plaintiffs") would relinquish their stock in the original company and that certain accounts receivable would be assigned to their new accounting firm "KPE Services, Inc."

In the present action, plaintiffs allege that defendant Waldman and his successor accounting firm, defendant Waldman & Company CPA's, P.S.C., ("Waldman & Co.") then wilfully filed fraudulent information returns to them in violation of 26 U.S.C. § 7434, resulting in adverse tax consequences and IRS audits of both plaintiffs. Plaintiffs contend that in 2010, defendants issued 1099 Forms to them for the accounts receivables (that were not actually collected and then paid to plaintiffs) and for attorneys fees paid in connection with the transactions. Plaintiffs further contend that in 2011, defendants issued additional 1099 Forms and 2009 W-2 Forms to plaintiffs, mis-characterizing certain "income" to them. The parties dispute the proper characterization of the reported funds and have obtained opinions of expert witnesses on the subject.

Several discovery disputes arose in May and June of 2012. First, defendants opposed as "burdensome" the deposing of Waldman, his expert witness Howard Richshafer, and five employees of Waldman & Co. After reviewing submissions and holding a telephonic conferences with the parties, the Magistrate Judge allowed "brief and narrowly focused" depositions "targeted to areas not previously explored in the context of Plaintiffs' federal claims" with strict time limitations (doc. no. 20,

Order of May 17, 2012).

Second, the defendants disputed the "relevancy" of various written discovery requests and disagreed about the timing of the previously-ordered depositions. In particular, defendants opposed production of their corporate 2010 and 2011 corporate tax returns, as well as payroll newsletters of 2009-2011 sent to Waldman clients. The Magistrate Judge again reviewed the parties' submissions and held another telephonic conference on June 13, 2012. After noting the looming discovery deadline of July 2, 2012 (which has already been extended three times), the Magistrate Judge ordered limited production, subject to a strict confidentiality agreement (doc. no. 24, Order of June 14, 2012). The Magistrate Judge's Order of June 14, 2012 contained appropriate safeguards to protect the defendants' privacy regarding this information.

Nonetheless, defendants continue to object to this limited production on "relevancy" grounds and move this Court to overrule the Magistrate Judge's Order. On August 1, 2012, this Court held a hearing at which respective counsel advised that they have co-operated in utilizing discovery from a prior state lawsuit in order to avoid duplicative efforts, and that only discovery of the corporate tax returns for 2010 and 2011 remains in dispute.

Although defendants argue that only the corporate 2009 tax return reflecting the dissolution is relevant here, it is well established that the scope of permissible discovery is quite broad. Nothing of record indicates that the dissolution, for tax purposes, was entirely resolved in the 2009 return, particularly since the defendants

issued corrected forms to plaintiffs in 2011. If corporate assets were transferred to the successor firms, then subsequent corporate returns could contain arguably relevant information regarding valuation. Plaintiffs assert that the 2010 and 2011 corporate tax returns reflect that Waldman & Co., which represents a portion of the value of its predecessor company, Waldman, Pitcher & Co., still has value greatly in excess of the defense expert Howard Richshafer's valuation. The parties, and their experts, dispute the proper reporting and characterization of the plaintiffs' alleged "income" reported by defendants. Hence, the requested discovery appears "relevant to the subject matter involved in the action" or at least "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The corporate returns and newsletters sought in discovery may also reflect inconsistencies in the defendants' tax treatment and/or characterization of income and accounts receivables. Plaintiffs are entitled to discover inconsistencies which may be relevant to defendant Waldman's motivation in filing the allegedly fraudulent forms.

Although the defendants base much of their argument on their expert's opinion, they have not yet filed that expert opinion in the record. Defendants have the burden to show that the Magistrate Judge abused her discretion and committed "a clear error of judgment." The Court does not find their unsupported arguments persuasive. In conclusion, the Court finds that the defendants have not shown that the Magistrate Judge's discovery order (doc. no. 24) was clearly erroneous, and therefore, the Court will adopt and enforce the order.

Accordingly, the Court rules as follows:

1) the defendants' "Objection" to the Magistrate Judge's Order is OVERRULED;

2) the Magistrate Judge's Order is AFFIRMED;

3) the defendants' "Motion to Stay" (doc. no. 26) is DENIED as moot;

4) within ten (10) days and subject to the confidentiality agreement specified by the Court, defendants shall produce (for attorneys' and experts' eyes only) copies of defendant Waldman & Co.'s corporate tax returns for 2010 and 2011, and payroll newsletters for 2009-2011 sent to Waldman & Co. clients; and

5) failure to comply with this Order may result in sanctions.

IT IS SO ORDERED.

                                             s/Herman J. Weber
                                       Herman J. Weber, Senior Judge
                                       United States District Court