UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH B. PITCHER, et al.,                    Case No. 1:11-cv-148

        Plaintiffs,                          Weber, J.
v.                                              Bowman, M.J.

LAWRENCE WALDMAN, et al.,

        Defendants.

**ORDER**

In addition to the cross-motions for summary judgment as to which a Report and Recommendation has been filed this day, the parties have filed two motions that seek to limit this Court's consideration of portions of the evidence and argument submitted in support of their dispositive motions.

Defendants have moved to strike the report of Plaintiffs' expert, Lynn Nichols, to the extent that the report includes opinion evidence concerning Defendant Lawrence Waldman's state of mind.  In addition to seeking to strike the evidence from consideration on summary judgment, Defendants seek an order *in limine* precluding the same evidence from being admitted at trial.  Aside from opposing Defendants' combined motion to strike/ motion *in limine*, Plaintiffs have filed a separate motion to strike portions of the reply memorandum filed in support of Defendants' combined motion, arguing that Defendants' reply memorandum improperly raises new arguments not originally presented in Defendants' motion to strike Nichols' opinions.

Having considered the arguments of both parties, I decline to strike either Nichols' written opinions or Defendants' reply memorandum at this time. Whether or not the disputed portions of Nichols' opinions and the disputed portions of the reply memorandum are considered does not alter this Court's conclusion that summary judgment cannot be granted to either party. Regardless of whether the contested portions of the expert's opinions are considered, disputed issues of fact remain as to whether the information returns filed by Waldman were "fraudulent," as well as whether Defendant Waldman "willfully" filed fraudulent returns.

Ultimately, the extent to which Nichols should be permitted to express his opinions concerning Waldman's intentions and state of mind must be determined by the trial judge. Although motions *in limine* may help narrow the scope of evidence to be presented, in this case the parameters of admissible testimony are best reserved for resolution at trial.

Therefore, **IT IS ORDERED THAT**:

1. Defendant's motion to strike and for an order *in limine* (Doc. 47) is DENIED, but without prejudice to renew at trial;

2. Plaintiffs' motion to strike portions of Defendants' reply memorandum (Doc. 90) is likewise DENIED.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge